## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN E. THOMPSON, JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **JAMES JIMMY FRANCE, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF TANGIPAHOA PARISH, DANIEL EDWARDS, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF TANGIPAHOA PARISH AND TANGIPAHOA PARISH** | **MAGISTRATE** <br><br> **JURY TRIAL REQUESTED** |

### COMPLAINT FOR DAMAGES PURSUANT TO 42 USC SECTION 1983 AND PENDANT STATE CLAIMS PURSUANT TO LA. C.C. ARTICLE 2315

**THE COMPLAINT** of John Thompson ("Mr. Thompson"), a person of the full age of majority and citizen of the State of Louisiana respectfully represents:

**I**

Made defendants herein are:

(a) James Jimmy France ("Mr. France") individually and in his official capacity as an employee of Tangipahoa Parish who, on information and belief, is a person of the full age of majority domiciled in Tangipahoa Parish, Louisiana;

(b) Daniel Edwards ("Sheriff Edwards") individually and in his official capacity as Commander of the New Orleans Police Department Sex Crimes Unit who, on information and belief, is a person of the full age of majority domiciled in Tangipahoa Parish, Louisiana;

(c) Tangipahoa Parish ("the Parish")), a body politic and corporate by that name with the capacity to sue and be sued in this court.

II

At all times hereto Sheriff Edwards was the Sheriff of Tangipahoa Parish with responsibility for the operation and actions of the Tangipahoa Parish Sheriff's Office ("TPSO") in general and the Tangipahoa Parish Jail ("the Jail") in particular, and was acting within the source and scope of his employment in that position.

III

At all times pertinent hereto Mr. France was an employee of the Parish and employed as the supervisor of a road crew or crews which utilized, inter alia, inmates/prisoners from the Jail to work on Parish road crews.

IV

At all times pertinent hereto the Parish had an arrangement with the Sheriff and the Jail for the utilization of Jail inmates/prisoners on Parish road crews.

V

At all times pertinent hereto, Mr. France was employed by the Parish to operate road crews which utilized Jail inmates/prisoners under his exclusive supervision both with respect to the work performed and the care, custody, and control of the inmates/prisoners.

VI

Neither the Sheriff nor the Parish provided any screening, training, or supervision of Mr. France in the exercise of his exclusive supervision of Jail inmates/prisoners in his exclusive care, custody, and control of the inmates/prisoners

## FIRST CAUSE OF ACTION

### VII

Jurisdiction for Mr. Thompson's First Cause of Action is based upon 42 USC § 1983.

### VIII

Beginning weeks before the ultimate incident complained of (approximately June 28, 2020), Mr France arranged for Mr. Thompson to be transferred from his assignment at the Jail to his road crew.

### IX

On information and belief, Mr. France provided no reason for his request for Mr. Thompson's road crew, nor was their any policy or procedure in place at the Jail to examine such requests and "red flag" actual of potentially invidious requests for such a transfer.

### X

Mr. France's request for Mr. Thompson's transfer was made while he (Mr. France) was acting under color of law as a Parish employee, in the course and scope of his employment and as the delegated exclusive supervisor of Mr. Thompson while assigned to a Parish road crew.

### XI

Mr. France commenced sexually harassing Mr. Thompson while he (Mr. Thompson) was outside of the Jail, working on a Parish road crew.

### XII

While he was Mr. Thompson's exclusive supervisor, Mr. France threatened Mr. Thompson, under color of state law, by, inter alia, threatening to have him removed from the Jail work release program, and to have sanctions levied against him with the Louisiana Board of Pardons and Committee on Parole resulting in additional jail time.

**XIII**

In the course of his sexual harassment of Mr. Thompson, under color of state law, Mr. France took sexually explicit photographs of Mr. Thompson, including (but potentially not limited to August 1, 2019) which the TPSO investigation in this matter has identified as having been taken at the Parish Maintenance Yard.

**XIV**

Mr. France sexual predation of Mr. Thompson also included manual and oral sex acts made under the threats made above.

**XV**

The TPSO PREA investigation of Mr. France's sexual predation of Mr. Thompson resulted in arrest warrants for Mr. France being signed by Judge Elizabeth Wolfe of the Twenty-First Judicial District Court for Tangipahoa Parish for violation of La. R.S. 14:66 (Extortion), La. R.S. 14:134.1 (Malfeasance in Office – Prohibited Sexual Conduct With Persons in Custody and Supervision of the Department of Public Safety and Corrections) and La R.S. 14:43.1 (Sexual Battery).

**XVI**

Mr. Thompson's right to be free from forced sexual contact/relations/harassment with Mr. France is clearly established.  That Mr. France was not a commissioned law enforcement officer is an aggravating and not a mitigating factor as Mr. France knew: (1) from an objective standpoint that he could not force sexual contact on Mr. Thompson, (2) that he had no standing to take any action against Mr. Thompson with either the jail or the Louisiana Board of Pardons and Committee on Parole (3) that he was threatening Mr. Thompson with State sanctions/consequences through his actions as Mr. Thompson's exclusive supervisor and (4) that

he was delegated and acted on the de facto and de jure delegation of the TPSO/Sheriff Edwards authority over Mr. Thompson.

## XVII

Further, Sheriff Edwards and the Parish may not assert a qualified immunity defense in this matter because: (1) Mr. Thompson asserts the violation of a Constitutional right, *Siegert v.* (2) the Constitutional right in question was clearly established at the time of Mr. France's actions and the actions and inactions of the Sheriff Edwards and the Parish and (3) Sheriff Edwards and the Parish's actions were not objectively reasonable measured by clearly established law.

## XXVIII

Mr. France had no training or supervision with respect to his unfettered access to and control over Mr. Thompson and other Jail prisoners/inmates under his exclusive control.  There was no system. Policy or procedure in place to ensure that; (1) Mr. France was capable of safely supervising Jail inmates/prisoners safely, (2) he understood the permissible limits of his interaction with Jail inmates/prisoners, (3) that he was familiar with PREA; (4) that he understood the extent that he could act as an extension of Sheriff Edwards/the jail, (5) that he was screened for fitness to supervise Jail inmates/prisoners and (6) that there was any system in place to (a) ensure that his request for a particular inmate/prisoner to be assigned to him was appropriate and (b) that there was a system in place where improper conduct by a Parish employee acting in place of Sheriff Edwards could be reported and corrected.  Accordingly, Sheriff Edwards and the Parish liable to Mr. Thompson pursuant to the *Monell Doctrine - Monell v. New York City Department of Social Servs.,* 436 U.S. 658, 56 L.Ed. 2d 611, 98 S.Ct. 2018 (1978).

humiliation and embarrassment as a result of the baseless charges brought against him.

## XIX

As a result of the incidents referred to above Mr. Thompson is entitled to compensatory damages in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## XX

As a result of the incidents referred to above Mr. Thompson is entitled to punitive/exemplary damages in the amount of Seven Hundred Fifty Thousand ($750,000.00) Dollars.

## XXI

As a result of the incidents referred to above Mr. Thompson is entitled to payment of all attorney's fees and costs incurred in the prosecution of this action.

## XXII

Mr. Thompson also contends that the doctrine of qualified immunity should no longer be considered as a defense to actions involving the criminal acts of individuals purportedly acting under color of state law where the criminality is clear and no reasonable individual could conclude that the conduct was not criminal.

## SECOND CAUSE OF ACTION

## XXIII

Mr. Thompson re-alleges and re-avers in singular and full each and every allegation raised by them in their First Cause of Action.

## XXIV

Jurisdiction for Mr. Thompson's Second Cause of Action is based upon this Court's ancillary/pendant jurisdiction and La. C.C. art. 2315.

## XXV

As a result of the incidents referred to above Mr. Thompson was extorted, sexually battered maliciously prosecuted and the recipient of Mr. France's malfeasance in office, all contrary to La. C.C. art. 2315.

## XXVI

Additionally, as a result of the incidents referred to above Mr, Thompson was subject to intentional or, alternatively, negligent infliction of emotional distress by Mr. France, contrary to La. C.C. art. 2315.

## XXVII

At all times pertinent hereto Mr. France was in the course and scope of his employment with the Parish and/or Sheriff Edwards as the TPSO does not exist as a separate juridical entity. Accordingly, Sheriff Edwards and the Parish are liable to Mr. Thompson pursuant to the doctrine of *respondeat superior* and other applicable legal doctrines.

## XXVIIII

As a result of the incidents referred to Mr. Thompson is entitled to compensatory damages in the amount of One Million and No/100 ($1,000,000.00) Dollars.

## XXIX

Mr. Thompson is entitled to and expressly request a trial by jury on all issues set forth in both his First and Second Causes of Action herein.

**WHEREFORE,** Complainant John Thompson prays that James Jim as my France, individually and in his official capacity as an employee of Tangipahoa Parish, Daniel Edwards, individually and in his official capacity as Sheriff of Tangipahoa Parish, and Tangipahoa Parish be duly cited to appear herein in their individual and official capacities, and answer this Complaint and after due proceedings had there be judgment herein in favor of Complainants and against all Defendants as specified in the body of this Complaint, together with all attorney's fees and court costs incurred, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings. Complainants further pray for all general and equitable relief to which they may be entitled.

Respectfully submitted:

**KILLEEN & STERN**

\_\_\_s/Robert C. Stern_____
Robert C. Stern (#12454)
Texaco Center
400 Poydras Street, Suite 1560
New Orleans, Louisiana 70130
Telephone:  504/525-8111
*Attorneys for John Thompson*