UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN E. THOMPSON, JR.          *
                                   *
VERSUS                       *
                                   * CIVIL ACTION NO. 2:20-cv-01842-CJB -JDD
JAMES JIMMY FRANCE,       *
INDIVIDUALLY AND IN HIS    *
CAPACITY AS AN EMPLOYEE  *
OF TANGIPAHOA PARISH,     *
DANIEL EDWARDS, INDIVIDUALLY *
AND IN HIS CAPACITY AS SHERIFF *
OF TANGIPAHOA PARISH, AND   *
TANGIPAHOA PARISH         *
                                   *

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## _FRCP RULE 12(b)(6)_ MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

     **NOW INTO COURT,** through undersigned counsel, comes Tangipahoa Parish Council-President Government (incorrectly referred to in plaintiff's complaint as "Tangipahoa Parish") which, appearing herein solely for purposes of this motion, respectfully states:

1.

     Plaintiff has not stated a viable claim establishing any official policies of mover which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff, nor has plaintiff stated a viable claim establishing "practices [of mover] so persistent and widespread as to practically have the force of law" which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff. _Connick v. Thompson_, 563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed. 2d 417 (2011). He has thus failed to state a claim of vicarious liability under _42 U.S.C. §1983_ against mover upon which relief can be granted.

2.

Further, plaintiff fails to state a viable claim against mover regarding purported lack of training with regard to Mr. France upon which relief can be granted. Plaintiff does not demonstrate "at least a pattern of similar incidents in which the citizens were injured ... to establish the official policy requisite to municipal liability under section 1983", nor does he "show that [any alleged] failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Rodriguez v. Avita,* 871 F.2d 552, 554–55 (5th Cir.1989). *City of Canton,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412. He thus fails to establish the requisite "deliberate indifference" necessary for the viability of such a claim.

3.

Additionally, plaintiff's allegations of punitive damages against mover Tangipahoa Parish Council-President Government should also be dismissed because governmental entities are not liable for punitive damages under *§1983. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed2d 616 (1981).

4.

Also, plaintiff fails to state a viable claim against mover with regard to his Louisiana state law *respondeat superior* claims. Mr. France's alleged actions – the purported taking of sexually explicit photographs of plaintiff (Doc. 1, at Paragraph XIII), manual and oral sex acts (Doc. 1, at Paragraph XIV), etc. – are neither "acti[ons] within the ambit of [Mr. France's] assigned duties" nor are they actions "in furtherance of his employer's objective". *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994.

5.

Finally, a prisoner participating in an inmate labor program has no cause of action against a Parish authority for any injury or loss suffered by him during or arising out of his participation in the program, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the Parish authority. *LSA-R.S. 15:708(H)*. Accordingly, in this regard as well, plaintiff fails to state a viable claim against mover.

**WHEREFORE**, defendant Tangipahoa Parish Council-President Government respectfully requests that this Honorable Court grant this motion and dismiss the above entitled and numbered cause, pursuant to *FRCP Rule 12(b)(6)*, for failure to state a claim upon which relief can be granted, with prejudice, at plaintiff's costs.

Respectfully submitted,

**MOODY LAW FIRM**


  *s/Christopher M. Moody*
Christopher Moody, LA Bar Roll No. 9594
Albert D. Giraud, LA Bar Roll No. 18911
1250 Southwest Railroad Ave., Suite 130
Hammond, Louisiana 70403
Telephone: (985) 542-1351
Telecopier: (985) 542-1354

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, and/or by Electronic Notice.

Hammond, Louisiana, this 5th day of August, 2020.


  *s/Christopher M. Moody*
Christopher M. Moody