UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN E. THOMPSON, JR. | * |
|  | * |
| VERSUS | * |
|  | * CIVIL ACTION NO. 2:20-cv-01842-CJB -JDD |
| JAMES JIMMY FRANCE, | * |
| INDIVIDUALLY AND IN HIS | * |
| CAPACITY AS AN EMPLOYEE | * |
| OF TANGIPAHOA PARISH, | * |
| DANIEL EDWARDS, INDIVIDUALLY | * |
| AND IN HIS CAPACITY AS SHERIFF | * |
| OF TANGIPAHOA PARISH, AND | * |
| TANGIPAHOA PARISH | * |
|  | * |

**MEMORANDUM IN SUPPORT OF *FRCP RULE 12(b)(6)*MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

To the extent that plaintiff is attempting to impose vicarious liability under *42 U.S.C. §1983* on mover Tangipahoa Parish Council-President Government for alleged sexual harassment, etc., by mover's alleged employee James Jimmy France, these claims must fail. A governmental entity cannot be held vicariously liable under *§1983* for the constitutional torts of its employees or agents. *Monell v. Department of Social Services*, 436 U.S. 685, 691, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

In *Monell*, supra, the United States Supreme Court, in interpreting the provisions of *42 U.S.C. §1983* and the applicability of *respondeat superior* thereto, held that a governmental entity could not be liable under §1983 on a *respondeat superior* theory solely on the basis of the existence of an employer-employee relationship with a tortfeasor. Specifically, the *Monell* court reasoned that, "[i]n particular, we conclude that a [governmental entity] cannot be held liable solely because it employs a tortfeasor – or, in other words, a [governmental entity] cannot be

held liable under §1983 on a respondeat superior theory." *Monell*, supra, at 2036. See also *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

As the Court set forth in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122, 108 S. Ct. 915, 923, 99 L. Ed. 2d 107 (1988):

> "Aware that governmental bodies can act only through natural persons, the Court concluded that these governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights. Reading the statute's language in the light of its legislative history, the Court found that vicarious liability would be incompatible with the causation requirement set out on the face of § 1983. See *id.,* at 691, 98 S.Ct., at 2036. That conclusion, like decisions that have widened the scope of § 1983 by recognizing constitutional rights that were unheard of in 1871, has been repeatedly reaffirmed."

As the United Stated Supreme Court set forth in *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed. 2d 417 (2011):

> "Title 42 U.S.C. § 1983 provides in relevant part:
>
>> 'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....'
>
> A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation. See *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). But, under § 1983, local governments are responsible only for 'their *own* illegal acts.' *Pembaur v. Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (citing *Monell,* 436 U.S., at 665–683, 98 S.Ct. 2018). They are not vicariously liable under § 1983 for their employees' actions. See *id.,* at 691, 98 S.Ct. 2018; *Canton,* 489 U.S., at 392, 109 S.Ct. 1197; *Board of Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (collecting cases).
>
> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. *Monell,* 436 U.S., at 691, 98 S.Ct. 2018; see *id.,* at 694, 98 S.Ct. 2018. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. See *ibid.*;

*Pembaur, supra,* at 480–481, 106 S.Ct. 1292; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). These are 'action[s] for which the municipality is actually responsible.' *Pembaur, supra,* at 479–480, 106 S.Ct. 1292."

*Id.*, 563 U.S. at 60-61, 131 S.Ct. 1359.

"Under *Monell*, a plaintiff must establish that the execution of a governmental policy, custom or practice was a moving force that led to a constitutional violation. *Id.*; *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010). § 1983 liability cannot be premised on the theory of respondent superior or an isolated act of a subordinate." *Greenwood v. Strain*, No. CV 16-11925, 2018 WL 4680075, at *2 (E.D. La. Sept. 28, 2018), citing *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

Mover Tangipahoa Parish Council-President Government respectfully submits that plaintiff has not stated a viable claim establishing any official policies of mover which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff, nor has plaintiff stated a viable claim establishing "practices [of mover] so persistent and widespread as to practically have the force of law" which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff.

Plaintiff then goes on to claim that there was a purported lack of training with regard to Mr. France which should somehow establish a viable claim against mover under *Monell*. (Doc. 1, at Paragraph XXVII). However, the U.S. Supreme Court discussed that, as well, in *Connick*, supra, when it set forth as follows:

> "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion) ('[A] 'policy' of 'inadequate training' ' is 'far more nebulous, and a good deal

further removed from the constitutional violation, than was the policy in *Monell* '). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' *Canton,* 489 U.S., at 388, 109 S.Ct. 1197. Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.' *Id.,* at 389, 109 S.Ct. 1197.

' '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.' *Bryan Cty.,* 520 U.S., at 410, 117 S.Ct. 1382. Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. *Id.,* at 407, 117 S.Ct. 1382. The city's ' 'policy of inaction' ' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.' *Canton,* 489 U.S., at 395, 109 S.Ct. 1197 (O'Connor, J., concurring in part and dissenting in part). A less stringent standard of fault for a failure-to-train claim 'would result in *de facto respondeat superior* liability on municipalities ....' *Id.,* at 392, 109 S.Ct. 1197; see also *Pembaur, supra,* at 483, 106 S.Ct. 1292 (opinion of Brennan, J.) ('[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials ... ').

A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. *Bryan Cty.,* 520 U.S., at 409, 117 S.Ct. 1382. Policymakers' 'continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action— the 'deliberate indifference'—necessary to trigger municipal liability.' *Id.,* at 407, 117 S.Ct. 1382. Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."

*Id.*, 563 U.S. at 61–62, 131 S. Ct. at 1359–60.

"[P]roof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training. The plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured ... to establish the official policy requisite to municipal liability under section 1983.' *Rodriguez v. Avita,* 871 F.2d 552, 554–55 (5th Cir.1989) (internal quotation and citation omitted). Under *City of Canton* [, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412], in order to prove the city's deliberate indifference, Snyder must show that the

failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Snyder v. Trepagnier*, 142 F.3d 791, 798–99 (5th Cir. 1998). As has been held in this Honorable Court:

> "[A] municipality may be liable under § 1983 for inadequate training of officers if the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989).
>
> \*
> \*
> \*
>
> Even 'showing the 'obviousness' of a need for additional training' regarding the constitutional obligations of police officers may not be enough to establish deliberate indifference because it does not necessarily mean that the officers 'will so obviously make wrong decisions that failing to train them amounts to a decision by the city itself to violate the Constitution.' *Connick v. Thompson*, 131 S.Ct. 1350, 1365 (2011) (quotation and citation omitted). '[P]rov[ing] that an injury or accident could have been avoided if an [employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct[,] will not suffice.' *Id.* at 1363–64 (quotation omitted). To prove deliberate indifference, Plaintiff needs to show that the Sheriff 'was on notice that, absent additional specified training, it was highly predictable that the [Deputy Sheriffs] ... would be confounded by those gray areas and make incorrect decisions as a result. In fact, Plaintiff has to show that it was so predictable that failing to train the officers amounted to conscious disregard for Darien Greenwood's constitutional rights. *Id.*"

*Greenwood*, supra, at 2018 WL 4680075, at *3–4 (E.D. La. Sept. 28, 2018).

Additionally, plaintiff's allegations of punitive damages against mover Tangipahoa Parish Council-President Government should also be dismissed because governmental entities are not liable for punitive damages under §1983. In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed2d 616 (1981), the Supreme Court unequivocally held that governmental entities are absolutely immune from punitive damage actions under 42 U.S.C. §1983 ("[T]he policy considerations of history and policy do not support exposing a [governmental entity] to punitive damages for the bad faith actions of its officials.") Thus, any

allegations seeking recovery of punitive damages against Tangipahoa Parish Council-President Government should be dismissed as a matter of law.

Also, plaintiff fails to state a viable claim against mover with regard to his Louisiana state law *respondeat superior* claims.

The following is the determinative language/holding from the Louisiana Supreme Court in *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994:

> "'An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours.' *Scott v. Commercial Union Ins. Co.,* 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing *Bradley v. Humble Oil & Refining Co.,* 163 So.2d 180 (La.App. 4th Cir.1964)). 'Vicarious liability will attach in such a case **only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective**.' *Id.*" (Emphasis added).

*Id.*, at 996.

Mr. France's alleged actions – the purported taking of sexually explicit photographs of plaintiff (Doc. 1, at Paragraph XIII), manual and oral sex acts (Doc. 1, at Paragraph XIV), etc. – are neither "acti[ons] within the ambit of [Mr. France's] assigned duties" nor are they actions "in furtherance of his employer's objective". Accordingly, as per *Baumeister*, supra, plaintiff has failed to state a valid cause of action against mover for Louisiana state law *respondeat superior* liability.

Mover respectfully submits that plaintiff's claims in this regard are analogous to the plaintiff's claims in *Sanborn v. Methodist Behavioral Res. P'ship*, 2003-0627 (La. App. 4 Cir. 1/14/04), 866 So. 2d 299, 305, a case where a substance abuse counseling center was being sued under a Louisiana state law *respondeat superior* theory for sexual assault on a client by one of its counselors. As the Court in *Sanborn*, supra, explained:

> "We do not find that Mr. Chaisson's alleged actions were primarily employment rooted. Clearly, not only were they completely extraneous to Mr. Chaisson's counseling duties at the Center, they were also an egregious violation of the ethical standards applicable to a

substance abuse counselor. Finally, Mr. Chaisson's alleged actions were in no way incidental to the performance of his duties as a counselor at the Center. His duties certainly did not include sexually assaulting a client."

*Id.*, at 305.

Finally, under applicable law, a prisoner participating in a Louisiana inmate labor program has no cause of action against a Parish authority for any injury or loss suffered by him during or arising out of his participation in the program, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the Parish authority. *LSA-R.S. 15:708(H)*. For the same reasons as are set forth above, mover Tangipahoa Parish Council-President Government respectfully submits that plaintiff has not stated a viable claim establishing any official policies of mover which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff, nor has plaintiff stated a viable claim establishing "practices [of mover] so persistent and widespread as to practically have the force of law" which purportedly caused mover's alleged employee James Jimmy France to commit sexual harassment, etc., against plaintiff. Accordingly, plaintiff has filed to establish an "intentional or grossly negligent act or omission of the Parish authority" sufficient to overcome the immunity provided to mover in *LSA-R.S. 15:708(H)*. Therefore, plaintiff fails to state a viable claim against mover in this regard, as well.

Until the 2007 its decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court leniently applied *FRCP Rule 8(a)(2)* pleading requirements. *See e.g.*, *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In *Twombly*, the Court shifted its focus from the "short and plain statement" aspect of *Rule 8(a)(2)* to the "showing entitlement to relief" requirement of the Rule.

To "show entitlement to relief" sufficient to withstand an *FRCP Rule 12(b)(6)* motion, the *Twombly* court held, the well-pleaded facts in the complaint, taken as true, must create the exclusive inference that plaintiff's entitlement to relief under those facts is "plausible." *Twombly*, 550 U.S. at 566–67, 570).

Two years later, in *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), the Supreme Court more clearly defined the practical implications of the *Twombly* "plausibility" standard as follows:

- First, merely speculative factual allegations are insufficient to state a claim for relief. The well-pleaded facts must allow the Court to draw an inference – without having to speculate – that a defendant is liable for the misconduct alleged. *Iqbal*, 566 U.S. at 678;

- Secondly, facts that only suggest the possibility of a defendant's liability, or facts which are "merely consistent with" unlawful conduct by a defendant, are inadequate to state a plausible claim for relief: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint [may have] alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679; and

- Finally, a court should disregard conclusory allegations of fact or law because such allegations "are not entitled to an assumption of the truth." *Id.* at 680–81.

The plaintiff must show more than a sheer possibility that the defendant has acted unlawfully. *Iqbal*, 556 U.S. 678. A court "will not strain to find inferences favorable to the plaintiff". *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

To survive a *Rule 12(b)(6)* motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In *Twombly*, supra, the Court explained "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it merely 'tenders 'naked assertion[s]' devoid of 'further factual enhancement.'' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully". *Twombly*, supra, 550 U.S. at 570. "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff'". *Taha v. William Marsh Rice University*, 2012 WL 157099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

The United States Supreme Court has made it clear that the purpose of requiring such fact-specific pleading is to avoid 'unlocking the door to discovery for a plaintiff armed with nothing more than conclusions'. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).Yet, that is exactly what plaintiff is attempting to do here. He has named mover as a defendant, and made nothing more than general, conclusory allegations regarding mover. He has not set forth specific facts to establish claims upon which relief can be granted against mover.

For these reasons, defendant Tangipahoa Parish Council-President Government respectfully requests that this *FRCP Rule 12(b)(6)* motion to dismiss for failure to state a claim upon which relief can be granted, and that plaintiff's claims against Tangipahoa Parish Council-President Government in the above entitled and numbered cause be dismissed, with prejudice, at plaintiff's costs.

Respectfully submitted,

**MOODY LAW FIRM**

   *s/Christopher M. Moody*_____
Christopher Moody, LA Bar Roll No. 9594
Albert D. Giraud, LA Bar Roll No. 18911
1250 Southwest Railroad Ave., Suite 130
Hammond, Louisiana 70403
Telephone: (985) 542-1351
Telecopier: (985) 542-1354

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, and/or by Electronic Notice. Hammond, Louisiana, this 5th day of August, 2020.

   *s/Christopher M. Moody*_____
            Christopher M. Moody