UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN E. THOMPSON, JR. | CIVIL ACTION |
| VERSUS | NO: 20-1842 |
| FRANCE ET AL. | SECTION: "J"(3) |

### ORDER & REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendant, Tangipahoa Parish Council-President Government ("Tangipahoa Parish"), and an opposition thereto (Rec. Doc. 17) filed by Plaintiff, John Thompson ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

### FACTS AND PROCEDURAL BACKGROUND

In June of 2019, Plaintiff was an inmate at Tangipahoa Parish Jail, which is administered and staffed by Tangipahoa Parish Sheriff's Office. James Jimmy France ("Mr. France") was employed by the Parish as a road crew supervisor. On June 28, 2019, Mr. France arranged for Plaintiff to be transferred from his jail assignment to his crew, where he sexually abused Plaintiff until August 2, 2019. The acts included taking photographs of Plaintiff's genitals and manual and oral sex. During this time, Mr. France extorted Plaintiff by threatening him with punitive action by the Louisiana Board of Pardons and Committee on Parole.

1

On June 29, 2020, Plaintiff filed the instant action against Mr. France; Sheriff Daniel Edwards ("Sheriff Edwards"), the sheriff of Tangipahoa Parish; and Tangipahoa Parish. In his complaint, Plaintiff alleges two causes of action against Tangipahoa Parish and Sheriff Edwards. First, Plaintiff alleges that Tangipahoa Parish is liable for the deprivation of his constitutional right to be free from sexual abuse by his captors under 42 U.S.C. § 1983 due to its failure to train and supervise Mr. France. Second, Plaintiff alleges that Tangipahoa Parish is vicariously liable for Mr. France's conduct under Louisiana state law. In addition, Plaintiff prayed for punitive damages against Tangipahoa Parish in his petition.[1] In response to Plaintiff's complaint, Tangipahoa Parish filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v.*

---

[1] In its motion to dismiss, Tangipahoa Parish argued that it could not be held liable for punitive damages under either of Plaintiff's claims. (Rec. Doc. 6-2, at pp. 5-6). In his opposition to Tangipahoa Parish's motion to dismiss, Plaintiff conceded that he could not recover punitive damages against Tangipahoa Parish in either of his causes of action. (Rec. Doc. 17, at p. 11).

2

*Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

### I.      Plaintiff's 42 U.S.C. § 1983 Claims

Plaintiff's complaint alleges that Tangipahoa Parish should be liable under § 1983 solely for its failure to train and supervise Mr. France. To succeed on a failure to supervise or train claim, a plaintiff must be able to demonstrate: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cty.*, 571 F.3d 388, 395-96 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158

3

F.3d 908, 911–12 (5th Cir. 1998)). "Deliberate indifference," defined by the Supreme Court as a "conscious disregard for the consequences of their action," can be demonstrated by showing a supervisor's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees." *Rivera v. Bonner*, 952 F.3d 560, 567 (5th Cir. 2017) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 407 (1997)).

To succeed on this third and most difficult prong, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training" or supervision is "obvious and obviously likely to result in a constitutional violation." *Id.* (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). However, Plaintiff's complaint does not indicate a pattern of violations, thus the Court must apply the single-incident exception adopted by the Fifth Circuit in *Brown v. Bryan County*, 219 F.3d 450 (5th Cir. 2000). Under that exception, a plaintiff "may establish deliberate indifference by showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights, such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (citation omitted).

In *Drake v. City of Haltom City*, a male jailer had sexually assaulted a female detainee, and the female detainee attempted to sue the city under § 1983 for failure to adequately train or supervise its jailers. 106 F. App'x 897, 899 (5th Cir. 2004). The

4

city filed a motion to dismiss, which the district court granted. *Id.* On appeal, the city asked the Fifth Circuit to affirm the district court's ruling, arguing that sexual assault of detainees is not an obvious consequence of the city's failure to train or supervise its jailers. *Id.* at 900. The Fifth Circuit disagreed, holding that it was "unwilling to conclude" it was not obvious that unsupervised, untrained male jailers would sexually abuse female detainees. *Id.* Accordingly, the Fifth Circuit reversed the district court's decision to dismiss the case. *Id.*

In the present case, Plaintiff alleges that Tangipahoa Parish provided no training to prepare Mr. France for his position of authority over inmates, such as training to prevent physical abuse, sexual abuse, or abusive labor exploitation. Inmates, such as Plaintiff, are exceptionally vulnerable to coercion from those in a position of authority due to the very threat allegedly used by Mr. France. If Plaintiff or any other inmate, defied Mr. France, even regarding an abusive request, Mr. France could threaten sanctions by the Louisiana Board of Pardons and Committee on Parole, which is exactly what Plaintiff alleges in the present case. Accordingly, due to the high potential for various sorts of abuse, the Court agrees with Plaintiff that abuse of inmates was a highly predictable consequence of Tangipahoa Parish's failure to train Mr. France. Therefore, Tangipahoa Parish's motion to dismiss Plaintiff's § 1983 claim should be denied.

## II. Plaintiff's Vicarious Liability Claims

In his complaint, Plaintiff alleges that Tangipahoa Parish should be found vicariously liable for Mr. France's actions under Louisiana state law. As a

5

preliminary matter, Tangipahoa Parish contends that LA. REV. STAT. § 15:708(H) establishes a higher standard for Plaintiff's vicarious liability claim. Under § 15:708(H), when an inmate is participating in a labor program, that inmate has no cause of action against the parish for any injury suffered by him, unless it "was caused by the intentional or grossly negligent act …. [of an] employee or agent of the … parish." Neither party contends that Mr. France was not an employee of Tangipahoa Parish or that his sexual abuse of Plaintiff was not intentional. Thus, since the alleged conduct is the intentional act of an employee of Tangipahoa Parish, the heightened requirements of § 15:708(H) do not apply, and Tangipahoa Parish may be held vicariously liable.

Under LA. CIV. CODE art. 2320, an employer may be held vicariously liable for the intentional torts committed by its employees when those acts occur within the course and scope of his employment. *Lamkin v. Brooks*, 498 So.2d 1068 (La. 1986). The Louisiana Supreme Court has held that employers are liable for the conduct of their employees when the conduct was so closely connected to the "time, place, and causation [of] his employment-duties as to be regarded a risk of harm fairly attributable to the employer's business." *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La. 1974). In addition, if the employee's position "actuates" the employee to "any appreciable extent," the employer will be liable for that act. *Ermert v. Hartford Insurance Company*, 559 So.2d 467, 477 (La. 1990).

In *Latallus v. State*, the Louisiana First Circuit Court of Appeal was asked to decide whether the State may be held vicariously liable for the rape of a female

6

inmate by a male guard. 658 So.2d 800. The court noted that the prison guard's contact with the inmate occurred while the guard was on duty and charged with the supervision of the inmate. *Id.* at 804. The court also reasoned that the guard was able to separate the inmate from her fellow inmates in order to commit the act of rape due to his apparent authority derived from his employment. *Id.* Thus, the court held the State vicariously liable for the rape because the prison guard was "actuated" by the State through his control and supervision of the inmates, and the opportunity to commit the rape arose from his apparent authority derived from his employment. *Id.* at 804-805.

The facts and reasoning of *Latallus* are highly compatible with the present case. Plaintiff was allegedly sexually abused by Mr. France while under his supervision pursuant to his employment. Mr. France was allegedly able to coerce Plaintiff into "allowing" the sexual abuse by threatening Plaintiff with his apparent authority. Thus, like the prison guard in *Latallus*, Mr. France was actuated by Tangipahoa Parish through his control and supervision of Plaintiff, and Mr. France's opportunity to commit the sexual abuse was derived directly from his apparent authority over Plaintiff. For this reason, the Court finds that Tangipahoa Parish's motion to dismiss Plaintiff's vicarious liability claim should be denied.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Tangipahoa Parish Council-President Government's *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Tangipahoa Parish Council-President Government's *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **DENIED** with regards to Plaintiff's 42 U.S.C. § 1983 and vicarious liability claims.

**IT IS FURTHER ORDERED** that Tangipahoa Parish Council-President Government's *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **GRANTED** with regards to Plaintiff's claims for punitive damages against Tangipahoa Parish.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE